ReedSmith
Driving progress
through partnership

**Mark E. Bini**
Direct Phone: +1 212 549 0296
Email: mbini@reedsmith.com

**Christopher R. Mosley**
Direct Phone: +1 303 552 3818
Email: cmosley@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

March 23, 2026

**By ECF and Electronic Mail (*CronanNYSDChambers@nysd.uscourts.gov*)**

Hon. John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Homeland Insurance Company of Delaware v. Deborah O'Hara-Rusckowski*, Case No. 1:25-cv-00864

Dear Judge Cronan:

On behalf of Defendant Deborah O'Hara-Rusckowski ("O'Hara-Rusckowski"), we write pursuant to Rule 4.B.ii of this Court's Individual Rules of Practice in Civil Cases, to respectfully advise the Court of certain exhibits and information O'Hara-Rusckowski filed under seal in connection with O'Hara-Rusckowski's March 23, 2026 Motion for Partial Summary Judgment, Or in the Alternative, to Stay (the "Motion"). Specifically, the following documents were filed under seal in connection with the Motion: (1) Memorandum of Law in Support of O'Hara-Rusckowski's Motion; (2) O'Hara-Rusckowski's Local Rule 56.1 Statement of Facts; and (3) Exhibit B of the Declaration of Christopher R. Mosley, dated March 23, 2026 ("Mosley Decl."), filed in Support of O'Hara-Rusckowski's Motion. As set forth below, O'Hara-Rusckowski filed these documents provisionally under seal out of an abundance of caution solely to honor confidentiality obligations imposed in the Underlying Action,[1] and respectfully takes no position as to whether these documents should remain sealed or filed publicly in redacted form.

O'Hara-Rusckowski's Motion seeks dismissal of the First and Second Causes of Action asserted in Plaintiff Homeland Insurance Company of Delaware's ("Homeland") Amended Complaint [Dkt. No. 40] because they turn on a dispositive factual issue that is being actively litigated in the Underlying Action: whether O'Hara-Rusckowski engaged in the alleged defamatory conduct in her personal capacity or in a leadership role at Order of Malta.

In support of the Motion, O'Hara-Rusckowski submitted as Exhibit B to the Mosley Decl. a settlement agreement entered in connection with the Underlying Action between the underlying plaintiffs

[1] "Underlying Action" refers to the lawsuit currently pending in the U.S. District Court for the District of Colorado entitled *Avodah Farms, et al. v. Deborah O'Hara Rusckowski*, Civil Action No. 1:24-cv-233.

(referred to herein as the "Avodah Plaintiffs") and the various Order of Malta entities (referred to herein as the "Malta Defendants"). Because the agreement is designated "Confidential" under a confidentiality agreement entered in the Underlying Action, O'Hara-Rusckowski filed it, along with her Memorandum of Law and Local Rule 56.1 Statement which quote and characterize the settlement agreement, provisionally under seal to comply with that designation pending further direction from this Court and to afford the Avodah Plaintiffs and Malta Defendants opportunity to make submissions about whether these documents should remain sealed in their entirety or filed in redacted form.

Prior to filing the Motion, O'Hara-Rusckowski, pursuant to Rule 4.B.i of this Court's Individual Rules of Practice in Civil Cases, conferred with Homeland's counsel, counsel for the Avodah Plaintiffs, and counsel for the Malta Defendants, and advised she intended to file the settlement agreement provisionally under seal[2] in accordance with the confidentiality order entered in the Underlying Action.

Accordingly, O'Hara-Rusckowski respectfully submits this letter to advise the Court of the provisional sealing, and takes no position as to whether these documents should remain sealed or filed publicly in redacted form.

Respectfully submitted,

Christopher R. Mosley (admitted *pro hac vice*)
Mark E. Bini

cc: All Counsel of Record (*Via ECF & Electronic Mail*)
Caleb Meyer (*Via Electronic Mail*)
Adam Royval (*Via Electronic Mail*)
Katherine Martinez (*Via Electronic Mail*)
William Thomas (*Via Electronic Mail*)
Garrett Respondek (*Via Electronic Mail*)
Lee S. Siegel (*Via Electronic Mail*)
Deborah DiaPaul (*Via Electronic Mail*)

It is well-established that "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). By September 2, 2026, Plaintiff and Defendant must file letters taking a position regarding whether continued sealing of the settlement agreement in the Colorado action is appropriate. By August 28, 2026, the parties shall provide proof that they notified the Avodah Plaintiffs and the Order of Malta Defendants of this Order. By September 2, 2026, if those non-parties wish for the settlement agreement to be sealed, they must file a letter on the docket stating the basis for that request.

SO ORDERED
August 25, 2026

JOHN P. CRONAN
United States District Judge

[2] O'Hara-Rusckowski previously advised that she intended to file her Memorandum of Law and Rule 56.1 Statement in redacted form but ultimately elected to file both documents provisionally under seal in their entirety out of an abundance of caution.